```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

MICHAEL HALPERT,

                        Plaintiff,             04 Civ. 1850

        -against-                                 OPINION

MANHATTAN APARTMENTS, INC.,

                        Defendant.

------------------------------------------X

A P P E A R A N C E S:


            Attorneys for Plaintiff

            DEBEVOISE & PLIMPTON LLP
            919 Third Avenue
            New York, NY 10022

            By:  Joytin Hamid, Esq.
                 Tricia B. Sherno, Esq.


            Attorneys for Defendant

            KUCKER & BRUH, LLP
            747 Third Avenue, 12th Floor
            New York, NY 10017

            By:  William D. Hummell, Esq.
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/15

**Sweet, D.J.**

The plaintiff, Michael Halpert ("Halpert" or "Plaintiff") has moved pursuant to Federal Rule of Civil Procedure 25(c) to join AC Lawrence Real Estate LLC ("AC Lawrence"), and its parent company, The Bellmarc Group LLC ("Bellmarc" and together with AC Lawrence, "AC Lawrence/Bellmarc") as defendants in this action and for additional discovery.  AC Lawrence/Bellmarc has moved pursuant to the Federal Rules of Civil Procedure 12(b)(5), 12(b)(2), 12(b)(1) and 25(c) to dismiss the proceeding commenced by Halpert to join AC Lawrence/Bellmarc in this action, and obtain discovery, for insufficient service of process, and for lack of personal and subject matter jurisdiction jurisdiction.

For the reasons set forth below, Plaintiff's motion for joinder is denied without prejudice with leave granted to renew.  Plaintiff's motion for discovery in aid of his judgment is granted, and the cross-motion of AC Lawrence and Bellmarc to dismiss the Plaintiff's motion is denied as moot.

**Prior Proceedings**

On March 8, 2004, Halpert, pro se, filed his complaint alleging that defendant Manhattan Apartments Inc. ("MAI") violated the Age Discrimination in Employment Act ("ADEA") by failing to hire him as a result of his age. The action proceeded until October 2013, at which point MAI appeared to have ceased operations.

Halpert obtained a default judgment in the amount of $1,982,581 against MAI on April 30, 2014.

Halpert sought discovery from AC Lawrence pursuant to Federal Rule of Civil Procedure 69(a)(2) and NYCPLR § 5224. AC Lawrence and certain individuals' response to subpoenas was deemed inadequate by Halpert, and the instant motion was filed.

The Plaintiff's motion for joinder and the cross-motion to dismiss the Plaintiff's proceeding were heard and marked fully submitted on October 22, 2014.

**The Plaintiff is Granted Discovery and The Enforcement of its Subpoenas**

Halpert, a judgment creditor, seeks to enforce his judgment against AC Lawrence/Bellmarc by joining them on this action as successors in interest under the "substantial continuity test." Battino v. Cornelia Fifth Ave., 861 F. Supp. 2d 392, 401-408 (S.D.N.Y. 2012) (applying the substantial continuity test used in various labor and employment statutes to an FLSA case); see also Criswell v. Delta Air Lines, Inc., 868 F.2d 1093 (9th Cir. 1989) (applying successor liability test to an ADEA claim); Herrera v. Singh, 118 F. Supp. 2d 1120, 1122-23 (E.D. Wash. 2000) (substituting defendant under Rule 25(c) in an Agricultural Workers Protection Act action by applying the successorship doctrine). However, to date, Halpert has been unable to adduce probative evidence concerning the adoption of MAI's interests by AC Lawrence/Bellmarc.

Supplemental discovery relating to the substantial continuity test pursuant to Rule 69(a)(2) is appropriate and may, according to Halpert, provide the evidence upon which additional parties may be joined. See Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); E.M. Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012)

3

("A district court has broad latitude to determine the scope of discovery and to manage the discovery process.")  Any disputes concerning the limits or propriety of that supplemental discovery can be the subject of motion if necessary.

**The Plaintiff's Motion for Joinder is Denied Without Prejudice With Leave Granted to Renew**

The dispute concerning the applicability of the substantial continuity test turns on facts which are disputed by the parties.  After discovery, Halpert may renew his motion based on probative evidence.

**The Cross-Motion is Denied**

Since Halpert's motion for joinder is denied without prejudice, the cross-motion to dismiss his joinder proceeding is moot.

**Conclusion**

The Plaintiff's motion for discovery is granted, the motion for joinder is denied without prejudice with leave granted to renew, and the cross-motion of AC Lawrence/Bellmarc is denied as moot.

4

It is so ordered.

New York, NY
February 2, 2015

_____
ROBERT W. SWEET
U.S.D.J.